UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:22-CV-11398-WGY

RODERICK WEBBER,
   Plaintiff
v.

BOSTON POLICE DEPARTMENT,
THE CITY OF BOSTON,
MAYOR MARTY WALSH,
OFFICER MICHAEL C. HARRINGTON,
OFFICER KENNETH FONG,
OFFICER RYAN DANIEL O'LEARY,
OFFICER JAMES WALSH,
OFFICER JOHN DANILECKI,
JOHN DOE 1,
JOHN DOE 2,
JOHN DOE 3,
JOHN DOE 4,
JANE DOE 1,
JUDGE RICHARD SINNOTT,
BOSTON MUNICIPAL COURT,
COMMONWEALTH OF
MASSACHUSETTS,
   Defendants

**DEFENDANTS CITY OF BOSTON, MAYOR MARTY WALSH, MICHAEL HARRINGTON, KENNETH FONG, RYAN O'LEARY, JAMES WALSH, AND JOHN DANILECKI'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)**

1

The Defendants City of Boston[1] (the "City"), retired Detective Michael Harrington, retired Captain Kenneth Fong, Officer Ryan O'Leary, Detective James Walsh, Captain John Danilecki and former-Mayor Marty Walsh (together the "City Defendants") hereby move this Court, pursuant to Fed. R. Civ. P. 12(e), to order *pro se* Plaintiff, Roderick Webber ("Plaintiff"), to file a more definite statement of a pleading. Specifically, the City Defendants request that the Plaintiff be required to file a more definite statement of a pleading which complies with the procedural requirements of Fed. R. Civ. Pl 8(a) and 10, separately identifies each claim or cause of action, and asserts the specific factual and legal (statutory or otherwise) basis for these claims.

Plaintiff filed a civil complaint against the City Defendants, among sixteen total defendants, using a form available through the United States District Court for the District of Massachusetts. Under the portion which requires the Plaintiff to state a cause of action, he states "First Amendment/ 42 USC 1983/ Fed Torts Claim Act/ Mass Torts Claim Act" and describes his claim as "Boston Police and Boston Municipal Court infringed on Plaintiff's 1st Amendment Rights via Assault and other." He then attached a complaint that includes: (1) a lengthy introduction giving background on the Plaintiff and his opinions about the police and other governmental entities, (2) a list of the parties, (3) a paragraph addressing Federal jurisdiction, (4) twenty-one paragraphs of factual allegations, and (5) his demand for relief. While this document claims that the above-referenced laws are at issue, it does not specify which claims, based on which of the multiple factual allegations, Plaintiff intends to make against which of the sixteen defendants.

Pursuant to Fed. R. Civ. P. 10, a plaintiff's complaint "must state its claim… in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Additionally, in

---

[1] The Complaint names the Boston Police Department as defendant, but "the Boston Police Department is a municipal department of the City rather than an independent legal entity that is subject to suit." *Franklin v. City of Boston*, No. 16-10484-FDS, 2016 WL 4534016, at *1 n.1 (D. Mass. Aug. 30, 2016) (Saylor, J.).

accordance with Fed. R. Civ. P. 8(a), a plaintiff must include "sufficient detail in the complaint to give a defendant fair notice of the claim and the grounds upon which it rests." Fed. R. Civ. P. 8(a). *Colón-Fontánez v. Municipality of San Juan*, 660 F.3d 17, 46 (1st Cir. 2011). Plaintiff's complaint fails to comply with each of these procedural requirements.[2]

A motion for more definite statement pursuant to Fed. R. Civ. P. 12(e) is appropriate where a pleading is not sufficiently clear as to advise the defendants of the claims being brought against them, or where plaintiff has crafted a "shotgun pleading" making it difficult to know which factual allegations in a pleading are intended to support which claims for legal relief. *See MacKenzie v. Pfizer, Inc.*, Civil Action No. 20-11550-NMG, 2021 WL 7451166, at *4 (D. Mass. Jan. 11, 2021). A court may also order a more definite statement where a plaintiff's pleading is unclear as to the legal foundation supporting his claims. *Silvia*, No. CV 17-310-JJM-LDA, 2017 WL 11477124, at *1, citing *McMann v. Cent. Falls Bet. Facility Corp*, No. 13-570-ML, 2013 WL 5565507, at *6 (D.R.I. Oct. 8, 2013).

Plaintiff's complaint fails to comply with the requirements of Rules 8(a) and 10. Moreover, due to the breadth of facts alleged and the number of identified defendants, it is unclear which claim or claims are being brought against each defendant and what alleged facts purport to underly them. The City Defendants, therefore, request that this Court order Plaintiff to file a more definite statement of a pleading pursuant to Fed. R. Civ. P. 12(e), which remedies these defects and separately identifies each cause of action. This relief is necessary in order to allow the City Defendants fair notice of the claims asserted against them so that they can formulate an educated responsive pleading and assert informed defenses.

---

[2] While *pro se* pleadings may be viewed less stringently, a petitioner who elects to proceed pro se must still comply with the applicable procedural and substantive rules of law. *Lefebvre v. Comm'r*, 830 F.2d 417, 419 (1st Cir. 1987), citing *Casper v. Commissioner*, 805 F.2d 902, 906 n. 3 (10th Cir.1986).

Respectfully submitted,

CITY OF BOSTON
MAYOR MARTY WALSH
MICHAEL C. HARRINGTON
KENNETH FONG
RYAN O'LEARY
JAMES WALSH
JOHN DANILECKI

Adam N Cederbaum,
Corporation Counsel

By their attorney,

*/s/ Sarah J. McAteer*
Sarah J. McAteer, BBO #706403
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635 – 4048
Sarah.McAteer@Boston.Gov

Dated: December 30, 2022

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that despite attempting to confer in good faith with the Plaintiff by email regarding the content of this motion, filing this motion is still necessary to resolve the issues raised herein.

*/s/ Sarah J. McAteer*
Sarah J. McAteer, BBO #706403

Dated: December 30, 2022

### CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those participants as indicated as non-registered participants.

*/s/ Sarah J. McAteer*
Sarah J. McAteer, BBO #706403

Dated: December 30, 2022