UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
ROD WEBBER,                              |
   Pro Se Plaintiff                     |
      v.                                 |   JUDGE WILLIAM G. YOUNG
BPD/ THE CITY OF BOSTON                  |   CIVIL COMPLAINT 1:22-cv-11398-WGY
et al                                    |
              Defendants           |
_____

## MOTION TO SANCTION THE ATTORNEY GENERAL'S OFFICE FOR FAILING TO TIMELY FILE APPEARANCE FOR RICHARD SINNOTT AND BOSTON MUNICIPAL COURT

I. INTRODUCTION

   Now comes Plaintiff Rod Webber and hereby moves this Honorable Court to sanction the Attorney General's Office for their failure to timely file an appearance on behalf of Defendant Richard Sinnott and Boston Municipal Court, in violation of Rule 3.4 of the Massachusetts Rules of Professional Conduct.

II. FACTUAL BACKGROUND

   It is common practice for the Massachusetts Attorney General's Office to act as defense counsel for government employees in Civil actions such as this. Brown v. Town of Dennis, Henderson v. Commonwealth of Massachusetts, Scully v. Commonwealth of Massachusetts to name a few. It is highly unethical then that the Attorney General's Office filed a motion to dismiss on behalf of the Commonwealth of Massachusetts on December 23, 2022, yet did not file an appearance on behalf of their other Defendants Richard Sinnott and Boston Municipal Court at that same time. The Massachusetts Attorney General's Office decided to wait until March 21,

2023 to file an appearance for Sinnott and BMC. There is no legitimate delay, mix-up or other tall-tale which could conceivably excuse The Massachusetts Attorney General's Office from waiting four months from the date of service, (especially considering that they had zero problem responding on behalf of the Commonwealth in December of 2022).

Plaintiff reached out to Attorney Pappenheim shortly after the filing of the appearance in order to request assent to A) Write a motion for clarification, and B) file a Second Amended Complaint, but Pappenheim requested drafts of these documents which don't exist before assent would be given. The timing of the Sinnott/ BMC appearance comes shortly after Plaintiff's filing of his First Amended Complaint which Plaintiff most certainly would have drafted differently had the Defendants not engaged in these parlor tricks. Rule 3.4 (c) of the Massachusetts Rules of Professional Conduct, states that "A lawyer shall not unlawfully knowingly disobey an obligation under the rules of a tribunal." The Massachusetts Attorney General's Office's acted in bad faith and their delay in filing an appearance is prejudicial to Plaintiff's case and violates their ethical obligations.

III. ARGUMENT

Sanctions are appropriate when a party has engaged in "conduct that is abusive, disruptive, or otherwise hinders the effective preparation of a case." Simeone v. Bombardier-Rotax GmbH, 360 F. Supp. 2d 322, 324 (D. Mass. 2005). Sanctions can include monetary fines, attorney's fees, or other appropriate measures.

Courts have frequently imposed sanctions for violations of Rule 3.4. For example, in Johnson v. Murphy, 505 F.3d 1206, 1218-19 (11th Cir. 2007), the court imposed sanctions against a prosecutor who withheld evidence in violation of Rule 3.4. Similarly, in In re Complaint of

Judicial Misconduct, 951 F.3d 78, 85 (1st Cir. 2020), the court imposed sanctions against a judge who violated Rule 3.4 by failing to recuse himself from a case in which he had a personal interest.

Here, the Defendants violation of Rule 3.4 has hindered the effective preparation of Plaintiff's Amended Complaint. The Defendants' violation has also caused unnecessary delay in the proceedings. Accordingly, Plaintiff respectfully requests that the court impose appropriate sanctions against the Commonwealth for their violation of Rule 3.4.

IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests:

a) That this Court sanction the Massachusetts Attorney General's Office for their violation of Rule 3.4 and award Plaintiff reasonable costs and fees associated with filing this motion.

b) Leave to make adjustments to The Complaint as it pertains to The Massachusetts Attorney General's clients, (leaving alone sections pertaining to Attorney McAteer's clients, (with the exception of minor changes in section numbering or formatting)).

c) Entry of the default of Defendants Boston Municipal Court and Richard Sinnott for failure to plead or otherwise defend against this action in a timely manner, pursuant to Rule 55a of the Federal Rules of Civil Procedure.

Respectfully submitted,

Pro Se Plaintiff, Roderick Webber

Signed: Rod Webber

Dated: March 28, 2023