UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:22-CV-11398-WGY

**RODERICK WEBBER,**
       **Plaintiff**
**v.**

**BOSTON POLICE DEPARTMENT,**
**THE CITY OF BOSTON,**
**MAYOR MARTY WALSH,**
**OFFICER MICHAEL C. HARRINGTON,**
**OFFICER KENNETH FONG,**
**OFFICER RYAN DANIEL O'LEARY,**
**OFFICER JAMES WALSH,**
**OFFICER JOHN DANILECKI,**
**JOHN DOE 1,**
**JOHN DOE 2,**
**JOHN DOE 3,**
**JOHN DOE 4,**
**JANE DOE 1,**
**JUDGE RICHARD SINNOTT,**
**BOSTON MUNICIPAL COURT,**
**COMMONWEALTH OF**
**MASSACHUSETTS,**
       **Defendants**

**MEMORANDUM OF LAW IN SUPPORT OF CITY OF BOSTON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

1

## I.  INTRODUCTION

Now comes the Defendant, City of Boston[1,2] (the "City"), and hereby moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss all of *pro se* Plaintiff, Roderick Webber's ("Plaintiff"), claims against the City. As grounds, the City states that: (1) Plaintiff's intentional tort claims against are barred by M.G.L. c. 258 § 10; (2) Plaintiff's negligence claims are statutorily barred against the City for failure to make presentment; and (3) Plaintiff fails to adequately plead a § 1983 claim against the City.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On August 30, 2022, Plaintiff filed a civil complaint against the City of Boston, among sixteen total defendants, alleging various state and federal claims.[3] On January 3, 2023, the Court ordered Plaintiff to file a more definite statement.[4] On February 15, 2023, Plaintiff filed a "more definite statement" attaching an Amended Complaint.[5] On February 16, 2023, Plaintiff followed up with a second and separate "more definite statement."[6] The essential claims in these two documents appear to be the same, so while the City responds to the properly filed more definite statement, all arguments would apply equally to the Amended Complaint as well should the Court consider it.[7]

---

[1] The Complaint names the Boston Police Department as defendant, but "the Boston Police Department is a municipal department of the City rather than an independent legal entity that is subject to suit." *Franklin v. City of Boston*, No. 16-10484-FDS, 2016 WL 4534016, at *1 n.1 (D. Mass. Aug. 30, 2016) (Saylor, J.).
[2] Defendant names Mayor Marty Walsh in his complaint. Plaintiff alleges no specific actions by Marty Walsh, outside of his position of Mayor of the City of Boston. Therefore, it is assumed that Mayor Walsh is being named in his official capacity as a representative of the City of Boston rather than as a distinct legal entity.
[3] ECF 1.
[4] ECF 27.
[5] ECF 28.
[6] ECF 29.
[7] Plaintiff notes Defendant's assent to several points in his filings. Defendant only assented to Plaintiff's request for additional time to file a more definite statement.

Plaintiff's Amended Complaint discusses many background issues of import to Plaintiff, but not relevant to the claims against the named Defendants. The relevant allegations are as follows:[8] On August 31, 2019, Plaintiff attended a "Straight Pride" rally as a documentarian.[9] Prior to this rally, Plaintiff states that he had attempted to contact the office of Mayor Marty Walsh to "alert the Mayor to the dangerous and terroristic activities" that the group involved in the rally had been engaged in.[10] As the rally was winding down, Plaintiff claims that members of the Boston Police Department ("BPD") "indiscriminately" pepper-sprayed those who were protesting the rally, though he does not allege that he himself was pepper-sprayed.[11]

Near the intersection of State Street and Congress Street, Plaintiff observed members of BPD form a line.[12] Plaintiff states that he used a megaphone to ask the officers whether there was a "dispersal order" given, at which point BPD officers "charged at the crowd."[13] Officer Michael Harrington grabbed Plaintiff from behind and forced him to the ground.[14] Officer Ryan O'Leary, Officer James Walsh, and an unnamed third officer assisted Officer Harrington.[15] Plaintiff claims to have suffered an injury to his right leg and told police he was injured.[16]

Officer John Danilecki shouted at other individuals, one of whom was Plaintiff's friend, to "move back or we will deploy mace."[17]

Plaintiff was brought to a police transport vehicle "hobbling in agony" and was transported with other arrested protesters.[18] Another individual fell during this transport and appeared to injure his wrists.[19]

---

[8] Defendant assumes for purposes of this motion only that facts stated in Plaintiff's Complaint are true.
[9] ECF 28, ¶ 19.
[10] ECF 28, ¶¶ 19, 20.
[11] ECF 28, ¶ 21
[12] ECF 28, ¶ 24.
[13] ECF 28, ¶ 24.
[14] ECF 28, ¶ 25.
[15] ECF 28, ¶ 25.
[16] ECF 28, ¶¶ 25, 26.
[17] ECF 28, ¶ 27.

Plaintiff cites a police report authored by Officer Michael Harrington regarding this incident and states that this police report contains false statements.[20] Plaintiff was charged with resisting arrest and disorderly person.[21]

When Plaintiff was brought to court, he expressed a desire to keep what Plaintiff claims to be a "religious covering" on his head, but was told to remove it by a court bailiff.[22] Plaintiff was ultimately not permitted to enter the courtroom with the "religious covering" and was placed in "lock-up in the basement."[23] Plaintiff was ultimately brought before Judge Richard Sinnott who refused to grand the District Attorney's Office's request to nolle pros the case against Plaintiff.[24] The charges were ultimately dismissed after an appeal.[25] Plaintiff states that he lost employment because of the "arrest[], court dates and media coverage."[26]

The City moves to dismiss all claims against it for the following reasons.

### III.  ARGUMENT

#### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine "whether a complaint states a plausible claim, [courts] 'perform [a] two-step analysis.'" *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016), *quoting Cardigan Mtn. Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015). "At the first step, we distinguish the complaint's

---

[18] ECF 28, ¶ 28.
[19] ECF 28, ¶ 28.
[20] ECF 28, ¶ 23; Exhibit A.
[21] ECF 28, ¶ 29.
[22] ECF 28, ¶ 31.
[23] ECF 28, ¶ 34.
[24] ECF 28, ¶ 36.
[25] ECF 28, ¶ 38.
[26] ECF 28, ¶ 39

4

factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Id.* (internal quotation marks omitted). "At step two, we must determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable." *Id.* (internal quotation marks omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations are true . . . ." *Twombly*, 550 U.S. at 555. This standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, *quoting Twombly,* 550 U.S. at 556. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As discussed below, Plaintiff's claims against the City should be dismissed for failing to meet the *Twombly* pleading standard.

### B. Plaintiff's intentional tort claims against the City must be dismissed as the City because they are barred by M.G.L. c. 258 § 10(c)

Plaintiff's Massachusetts state law intentional tort claims (Counts 1, 2, 3, and 6)[27] against the City must be dismissed because they are barred by M.G.L. c. 258 § 10(c). The Torts Claims Act is a legislative waiver of sovereign immunity by the Commonwealth and its political subdivisions. *See e.g., Morrissey v. New England Deaconess Association – Abundant Life Communities, Inc.*, 458 Mass. 580, 586-87 (2010). M.G.L. c. 258 was "a clear legislative intent to abolish the common-law doctrine of governmental immunity, and to replace it with a comprehensive statutory scheme that would govern the liability of public employers in tort actions." *Id*. at 590. "The Act is not a blanket waiver of protection." *Shapiro v. City of Worcester,* 464 Mass. 261, 270 (2013) (noting that § 10 "specifically exempts certain categories of conduct that continue to enjoy the protection of sovereign immunity"). "Although the Act has

---

[27] As further discussed below, several of Plaintiff's claims under § 1983 actually appear to be state law tort claims. To the extent that any allege intentional torts, they are likewise barred by M.G.L. c. 258 § 10(c).

abrogated the Commonwealth's immunity in tort actions in most circumstances, the Legislature has, for reasons of public policy, chosen to preserve sovereign immunity for certain claims, irrespective of their legal sufficiency or merit, or the gravity of the injuries alleged." *Morrissey*, 458 Mass. at 592 (internal quotation omitted) (discussing the statutory exemptions of § 10(a-j)).

The exclusion in §10(c) provides that c. 258 liability:

> shall not apply to: … (c) any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations.

"While § 10(c) lists a number of intentional torts, its use of the word "including" indicates that the enumerated list is representative, not all-inclusive, and that any intentional tort is covered by §10(c)." *Barrows v. Wareham Fire District*, 82 Mass. App. Ct. 623, 626 (2012). Plaintiff's claims of assault, battery, intentional infliction of emotional distress, and false imprisonment are intentional torts within the meaning § 10(c). *See id.*

"Pursuant to G. L. c. 258, §10(c), a town is immune from liability for any claim 'arising out of an intentional tort ….'" *McCarthy v. Town of Hamilton*, 2000 WL 282929, at *5 (Mass. Super. Ct., Jan. 7, 2000) (Botsford, J.) (quoting §10(c)). Thus, a municipality such as the City "cannot be sued for intentional tort claims." *Saltzman v. Town of Hanson*, 935 F. Supp. 2d 328, 347 (D. Mass. 2013). Therefore, counts 1, 2, 3, 6, and any § 1983 claims against the City that are in reality claims of state intentional torts (Counts 13 through 17), must be dismissed under § 10(c).

C. **Plaintiff's negligence claims must be dismissed**

Plaintiff's complaint contains two claims of state law negligence – Count 4 for general negligence and Count 5 for negligent "hiring, training, supervision, and retention." Plaintiff also

6

makes two claims for negligence under § 1983 – Count 11 and Count 12 – which, as discussed more fully below, are in reality claims of negligence under state law. In the Commonwealth, negligence claims against municipalities related to the acts of its employees are governed by Massachusetts General Laws chapter 258, the Massachusetts Tort Claims Act ("MTCA").[28] The MTCA provides the exclusive remedy for injuries allegedly caused by the negligent acts or omissions of municipal employees. *See* M.G.L. c. 258, §§ 1, 2. While Plaintiff titles several of his counts as negligence, he does not actually plead negligence – instead he has styled intentional tort claims as negligence. There is no factual allegation of negligent action – only intentional action. This is impermissible and the negligence claims should be dismissed for this reason. *See Hathaway v. Stone*, 687 F. Supp. 708, 711 (D. Mass. 1988), citing *Ortiz v. Cnty of Hampden*, 16 Mass. App. Ct. 138 (1983) (negligence claim should not '"arise out of" intentional torts, "but rest[] on an independent negligent act by the City"*).

Even if Plaintiff had pled a negligence claim, the Complaint does not allege proper presentment pursuant to G.L. c. 258, § 4, and indeed, the City received no presentment prior to being served with the lawsuit. Under M.G.L. c. 258, a plaintiff must give notice of a cause of action within two years of the date it arose. "A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose." M.G.L. c. 258, §4. Without proper and timely presentment, a plaintiff cannot initiate suit. "This strict presentment requirement is a statutory prerequisite for recovery under the Act." *Shapiro v. City of Worcester*, 464 Mass. 261, 267

---

[28] Plaintiff states at the conclusion of most claims that the City is "vicariously liable" or is "liable for the actions and torts of their employees," but this is incorrect. The MTCA controls municipal liability for the acts of the municipal employees under Massachusetts law.

(2013).  "Its purpose is to allow public employers the opportunity to investigate and settle claims and to prevent future claims through notice to executive officers." *Id*. at 268. "It is irrelevant that the defendant may not have suffered any prejudice by reason of the lack of actual notice." *Robinson v. com.*, 32 Mass. App. Ct. 6, 10 (1992) (citations omitted). Here, Plaintiff's cause of action arose on August 31, 2019. Despite the statute requiring presentment of claims within two years, Plaintiff filed his complaint one day shy of three years after cause of action arose without giving the City any prior notice. Plaintiff did not present, nor does he allege that he presented his claims. Accordingly, Plaintiff's failure to make presentment requires dismissal of all tort claims. *See e.g., Rodriguez v. Bos. Pub. Sch.*, No. CV 19-10116-LTS, 2019 WL 3409982, at *4 (D. Mass. July 29, 2019) (dismissing all claims under the MTCA for failure to make presentment within two years).

   D. **Plaintiff's claims against the City for violation of § 1983 (Counts 7 through 17) must be dismissed because he fails to plead sufficient facts to support a claim**

   1. **Plaintiff's claims for violation of 42 U.S.C. § 1983 fails under *Monell v. Department of Social Services of City of New York* and must therefore be dismissed**

Plaintiff makes eleven claims for violation of 42 U.S.C. § 1983, but all such claims fail under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 692 (1978). Under § 1983, the City is "not responsible for the unauthorized and unlawful acts of its officers." *Id.* Courts analyzing § 1983 "have consistently refused to hold municipalities liable under a theory of respondeat superior." *Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997). The Supreme Court, "concerned that municipal liability based on fault by the City might collapse into de facto respondeat superior, has set a very high bar for assessing municipal liability under *Monell*." *Young v. City of Providence ex rel. Napolitano,* 404 F.3d 4, 26 (1st Cir. 2005). Therefore, to plead municipal liability under §1983, the plaintiff must allege (1) an

unconstitutional "policy or custom" of the City, and (2) that this policy or custom was "the moving force" behind the alleged injury. *See Brown*, 520 U.S. at 403-05. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, (2011).

While Plaintiff blandly alleges that there is an official policy and custom, "it is not sufficient for him to simply formalistically recite the necessary elements of such a claim." *Williams v. Bisceglia*, 115 F. Supp. 3d 184, 188 (D. Mass. 2015). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements are insufficient to state a plausible claim for relief." *Calixte v. David*, 320 F. Supp. 3d 294, 298 (D. Mass. 2018) (citations and quotations omitted) (dismissing §1983 claim where plaintiff simply recited elements of claim). Section 1983 is not just "an instrument of justice in the hands of the weak against the mighty," but it also has the potential for misuse; therefore, a Section 1983 claimant must "at least set forth minimal facts, <u>not subjective characterizations</u>, as to who did what to whom and why." *Dewey v. University of New Hampshire*, 694 F.2d 1, 3 (1st. Cir.1982) (emphasis added). Under this analytical framework, Plaintiff has failed to plead facts that suggest any actionable claims against the City under § 1983 because he has failed to even identify any allegedly deficient policy or custom. Plaintiff uses the mere existence of publicly available BPD Internal Affairs investigation information as the basis for the broad and unsupported contention that BPD has a "custom, policy or practice" relating to his claims. *See* Amended Complaint, ¶ 64. This is not sufficient to allege a custom, policy, or practice on the part of the City sufficient to meet the *Twombly* pleading standard.  *See Twombly*, 550 U.S. at 555.

Moreover, Plaintiff must show that "the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link." *Oklahoma v. Brown*, 520 U.S. at 403. This requisite degree of culpability is "deliberate indifference *to the particular constitutional right of the plaintiff.*" *Crete v. City of Lowell*, 418 F.3d 54, 66 (1st Cir. 2005) (emphasis added). The mere existence of prior complaints – made public by BPD – is not sufficient to show deliberate indifference relating to any of Plaintiff's § 1983 claims. In fact, it shows the opposite – Internal Affairs records show that when civilians make complaints, the City's Internal Affairs Department investigates those complaints. What's more, Plaintiff does not allege that any officer involved in this case has a history of excessive force or other allegations that would relate to a claimed deliberate indifference to the *particular constitutional right(s)* at play here. The only specific IAD finding he references – relating to alcohol on duty involving Officer Walsh – certainly does not relate to any constitutional right at issue here. The fact that allegations were investigated is not demonstrative of anything relating to that officer, but rather demonstrates that the City proactively investigates civilian complaints involving police officers. Plaintiff has not shown deliberate indifference on the part of the City, and all of his § 1983 claims fail for this reason.

The Plaintiff's claims further fail because the City cannot be held vicariously liable for its employee's actions as Plaintiff alleges. "As a general matter, a city cannot be held vicariously liable under a § 1983 claim for their employee's actions." *Regis v. City of Bos.*, No. 19-CV-10527-IT, 2020 WL 2838862, at *2 (D. Mass. June 1, 2020) (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011). A "municipality may not be held vicariously liable under § 1983 for the acts of its employees or agents." *Brown v. Lucas*, No. CV 16-10977-FDS, 2018 WL 2209215, at *4 (D. Mass. May 14, 2018) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978));

*Perna v. Martinez*, No. CV 17-11643-IT, 2018 WL 4519361, at *4 (D. Mass. July 5, 2018), report and recommendation adopted, No. 17-CV-11643-IT, 2018 WL 4092073 (D. Mass. Aug. 28, 2018) ("Liability under section 1983 is neither vicarious nor based on respondeat superior."). Plaintiff's § 1983 claims themselves acknowledge that Plaintiff basis for alleging City liability is based on the principles of vicarious liability and respondeat superior – stating at the end of each claim that the City is "liable for the actions and torts of their employees." *See* Proposed Amended Complaint, ¶¶ 61, 65, 69, 72, 75, 78, 82, 85, 88, 91, 95. Because Plaintiff cannot assert a vicarious liability claim for alleged § 1983 violations, and he has not pleaded a *Monell* claim, counts 7 through 17 must be dismissed.

### 2. Plaintiff's claims in Counts 11, 12, and 13 are not properly brought under 42 U.S.C. § 1983 and should therefore be dismissed

While Counts 11, 12, 13, and 16 should be dismissed for the reasons stated above, they should also be dismissed because they to not allege § 1983 violations, but rather restate Plaintiff's tort claims. Claim 11 (negligent hiring and retention), Claim 12 (negligent supervision), and Claim 13 (malicious abuse of process) do not relate constitutional rights protected under § 1983, but rather are restatements of state law tort claims.

### 3. Plaintiff's claim in Count 10 should be dismissed because it is without any factual support.

While Count 10 should be dismissed for the reasons stated above, it should also be dismissed because there is no fact alleged to support a finding that the City or its employees were involved in the removal of Plaintiff's head covering which forms the basis for his claimed deprivation of right.

### 4. Plaintiff's claims against the Boston Police Department and Mayor Marty Walsh should be dismissed because they are not legal entities independent of the City of Boston

Finally, the Boston Police Department and Mayor Marty Walsh should be dismissed from the Complaint to the extent that any claims against the City survive this motion to dismiss, as these entities are duplicative of the City of Boston and not independent legal entities subject to suit. The Complaint names the Boston Police Department as defendant, but "the Boston Police Department is a municipal department of the City rather than an independent legal entity that is subject to suit." *Franklin v. City of Boston*, No. 16-10484-FDS, 2016 WL 4534016, at *1 n.1 (D. Mass. Aug. 30, 2016) (Saylor, J.). Further, Mayor Marty Walsh in his official capacity is one in the same as the City of Boston for purposes of civil lawsuits. *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Surprenant v. Rivas*, 424 F.3d 5, 19 (1st Cir.2005) ("A suit against a public official in his official capacity is a suit against the governmental entity itself."). Plaintiff makes no claims against Marty Walsh in his personal capacity. As redundant parties, claims against the Boston Police Department and Mayor Marty Walsh should be dismissed to the extent that any claims against the City of Boston survive this motion to dismiss. *See id.*; *see also Decotiis v Whittemore*, 635 F.3d 22, 26 (1st Cir 2011) (affirming the district court's dismissal of claims against the director of a governmental agency brought in her official capacity as such claims were redundant of claims against the agency itself.)

## IV.     CONCLUSION

WHEREFORE, for the reasons set forth above, the City of Boston respectfully requests that all claims alleged against it in the Plaintiff's Complaint and more definite statement[29] be dismissed with prejudice.

Respectfully submitted,

CITY OF BOSTON

Adam N Cederbaum,
Corporation Counsel

By its attorney,

*/s/ Sarah J. McAteer*
Sarah J. McAteer, BBO #706403
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635 – 4048
Sarah.McAteer@Boston.Gov

Dated: April 6, 2023

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

I hereby certify that I conferred with Plaintiff via email at Plaintiff's request regarding the content of this motion on April 3, 2023 and, despite this conferral, filing this motion is still necessary to resolve the issues raised herein.

*/s/ Sarah J. McAteer*
Sarah J. McAteer, BBO #706403

Dated: April 6, 2023

---

[29] The arguments made herein apply identically to the Plaintiff's proposed Amended Complaint.

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those participants as indicated as non-registered participants.

                                                      */s/ Sarah J. McAteer*

Dated: April 6, 2023